# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

HARVEY WILLIAM HUGUINN,                    )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )   No.  1:20-CV-6
                                           )
B. LYNN WINMILL,                           )
U.S. District Court Judge,                 )
                                           )
            Defendant.                     )
_____

HARVEY WILLIAM HUGUINN,                    )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )   No.  1:20-CV-7
                                           )
J.P. MORGAN CHASE BANK, N.A., INC.,        )
                                           )
            Defendant.                     )
_____

HARVEY WILLIAM HUGUINN,                    )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )   No.  1:20-CV-9
                                           )
STATE OF IDAHO, RODEWAY INN,               )
CHOICE HOTEL, GLACIER BANCORP, INC.,       )
And MOUNTAIN WEST BANK, Division of        )
Glacier Bank,                              )
                                           )
            Defendants.                    )
_____

HARVEY WILLIAM HUGUINN,     )
                                         )
        Plaintiff,            )
                                         )
v.                                )   No.  1:20-CV-10
                                       )
UNITED STATES OF AMERICA SOCIAL    )
SECURITY SURVIVOR TRUST FUND,     )
                                       )
        Defendant.        )

_____

HARVEY WILLIAM HUGUINN,     )
                                         )
        Plaintiff,            )
                                         )
v.                                )   No.  1:20-CV-12
                                       )
UNITED STATES OF AMERICA SOCIAL    )
SECURITY TRUST FUND,             )
                                       )
        Defendant.        )

_____

HARVEY WILLIAM HUGUINN,     )
                                         )
        Plaintiff,            )
                                         )
v.                                )   No.  1:20-CV-13
                                       )
DUKE ENERGY, INC.,           )
                                       )
        Defendant.        )

_____

Case 1:20-cv-00007-PLR-SKL   Document 18   Filed 03/02/20   Page 2 of 6   PageID #: 59

HARVEY WILLIAM HUGUINN,                    )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )   No.  1:20-CV-18
                                           )
CITY OF TAMPA, FLORIDA                     )
HILLSBOROUGH COUNTY, FLORIDA,              )
                                           )
                    Defendant.             )


## <u>MEMORANDUM AND ORDER</u>

On January 23, 2020, the Honorable Susan K. Lee, United States Magistrate Judge, filed a 7-page Report and Recommendation (R&R) in which she recommended that the captioned cases be dismissed pursuant to 28 U.S.C. § 1915(e) and Huguinn's IFP applications be denied as moot.

This matter is before the Court for consideration of Huguinn's objections to the Report and Recommendation.  The objections are contained in letters filed by Huguinn dated January 24, 2020; January 25, 2020; January 31, 2020; February 18, 2020, and February 27, 2020.  Along with complaining about dismissal of various lawsuits filed in other jurisdictions, Huguinn complains that "Susan K. Lee is guilty of perjury and liable in her Report and Recommendation."

When a party objects to the magistrate's R&R on a dispositive matter, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b).  But de novo review is not required where the party's objections are "frivolous, conclusive, or general," and only specific objections will

3

be preserved for appellate review. *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986). Objections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error are too general and therefore insufficient. *Stamtec, Inc., v. Anson,* 296 Fed. Appx. 518, 519 (6th Cir. 2008). A general objection to an R&R is tantamount to a failure to object and will typically be treated as a waiver. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991).

Huguinn has failed to object to the R&R with the requisite specificity. Rather than pointing to particular issues for this Court to review, he accuses the magistrate judge of "perjury and liable." The Court finds Huguinn's objection insufficient and does not merit de novo review.

Huguinn's seven complaints are rambling and incoherent. In one series, he complains that he is owed $236 from a Bank of America account he either closed or attempted to close in Idaho. He also accuses several businesses of bank fraud related to the account. In another line of cases, he sues the Social Security Survivor Trust Fund and the Social Security Trust Fund. As noted by the magistrate, this Court has no jurisdiction to review any decision of the Social Security Administration until Huguinn has exhausted his administrative remedies. His two remaining cases relate to occurrences in Florida. Again, Huguinn has not shown how this Court has jurisdiction in those Florida cases. A district court has the authority to dismiss a complaint on its own initiative for lack of subject matter jurisdiction. *West v. Adecco Emp't Agency*, 124 Fed. Appx. 991, 992 (6th Cir. 2005).

4

The standard required by 28 U.S.C. § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed.R.Civ.P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008). Pro se litigants are given some leniency with regard to pleading standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, that leniency is not "boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The Federal Rules of Civil Procedure provide, in relevant part, that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not require a plaintiff to set forth detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give each "defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion," of entitlement to relief. *Id*. at 556, n. 3. Likewise, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 Fed. Appx. 487, 491 (6th Cir. 2005) (dismissing case where plaintiffs raised dozens of claims that were lacking in both supportive factual allegations and directed legal arguments).

Huguinn's complaints fail to discernably assert a plain statement of facts that show he is entitled to relief against any named defendant. Any relevant facts are "confusing, ambiguous, redundant, vague, and in some respects, unintelligible." *Wallach v. City of Pagedale,* 359 F.2d 57, 58 (8th Cir. 1966) (affirming dismissal of pro se complaint). A

5

complaint that is "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet Rule 8's pleading requirements, even when the materials are liberally construed in a pro se litigant's favor." *Adams v. Dep't of Treasury*, 2014 WL 114687 at *1 (D.D.C. Jan. 13, 2014). As such. Huguinn has not complied with the pleading standards required by the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8(a).

After a careful review of the record, the Court is in complete agreement with the magistrate's recommendation that each of Huguinn's complaints be dismissed with prejudice and closed. The Court also agrees that Huguinn's IFP Applications in each case should be denied as moot with no filing fee assessed. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that each of the above-captioned cases are hereby **DISMISSED with prejudice.**

It is further ordered that Huguinn's IFP Applications be **DENIED as moot** with no filing fee assessed**.**

Enter:

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

6